1

2

3                    IN THE UNITED STATES DISTRICT COURT

4                 FOR THE EASTERN DISTRICT OF CALIFORNIA

5

6   CARLOS KINKEADE,                    1:13-cv-01272-GSA (PC)

7              Plaintiff,               ORDER TRANSFERRING CASE TO THE
        vs.                            NORTHERN DISTRICT OF CALIFORNIA
8
    C. LEE, et al.,
9
             Defendants.
10   _____/

11       Plaintiff, a state prisoner proceeding  pro se, has filed a civil rights action pursuant to 42

12   U.S.C.  § 1983.

13       The federal venue statute requires that a civil action, other than one based on diversity

14   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

15   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

16   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

17   is situated, or (3) a judicial district in which any defendant may be found, if there is no district in

18   which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

19       In this case, none of  the defendants reside in this district.  The claim arose in Monterey

20   County, which is in the Northern District of California.  Therefore, plaintiff's claim should have

21   been filed in the United States District Court for the Northern District of California.  In the interest

22   of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.

23   See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

24       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

25   District Court for the Northern District of California.

26       IT IS SO ORDERED.

27   **Dated:   August 15, 2013**          _____ **/s/ Gary S. Austin**_____
                                        UNITED STATES MAGISTRATE JUDGE
28